FILED

2018 JUL 20 AM 10:30

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| SAMUEL TURNER AND TAMMY TURNER | ) ) ) |
| Plaintiffs, | ) ) Case No. 6:18-CV-01165-ORL-40TBS ) |
| v. | ) Demand for Jury Trial ) |
| BEHAR, GUTT, & GLAZER, P.A. | ) ) |
| Defendant. | ) ) ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Under 15 U.S.C. §1692, the Fair Debt Collection Practices Act ("FDCPA,") SAMUEL TURNER AND TAMMY TURNER (the "Plaintiffs") file the following complaint for damages, suing BEHAR, GUTT, & GLAZER, P.A., ("Behar" or "Defendant"), and alleging as follows.

### PARTIES

1. Plaintiffs are natural persons who reside in Osceola County, Florida.

2. Defendant is a business organization with a principle place of business located at 1855 Griffin Road, Suite A-350, Dania Beach, Florida 33004. Defendant is a "debt collector," as defined by the FDCPA, 15 U.S.C. §1692a(6), in that Defendant uses instrumentalities of interstate commerce and/or the mail to regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

3. Defendant uses the mail to serve court documents, statutory notices, and other communications as part of its debt collection activities towards alleged debtors.

Additionally, Defendant uses the telephone to regularly engage in communication with debtors and/or their legal representatives during the collection of debts as defined by the FDCPA.

4. As part of Defendant's debt collection practice, Defendant regularly collects or attempts to collect debts owed or due or asserted to be owed or due to another. Defendant's status as a debt collector, as defined by the FDCPA, is evidenced by the large number of collection and/or debt collection activities that Defendant is actively participating in throughout the state of Florida at the time of the alleged conduct in this Complaint, and by the fact that the alleged creditor retained Defendant to collect a debt, as defined by the FDCPA.

5. Additionally, Defendant's status as a debt collector, as defined by the FDCPA, is evidenced by statements on its website. Under the "Collections" practice group subsection of its website, Defendant claims that it has "years of experience in handling [collection] issues," and that it "know[s] what processes work most effectively - instead of sending demand letter after demand letter." *See* Exhibit "A," Screenshot of the Collections Subsection of Defendant's Website.

## JURISDICTION AND VENUE

6. Under 28 U.S. Code §1331 and §1337, this court has subject matter jurisdiction over the claims alleged because the civil action arises under federal law, specifically commerce and antitrust regulations, including but not limited to 15 U.S.C. § 1692k(d).

7. Venue is proper because the actions that give rise to this complaint occurred within the Middle District of Florida.

8. Forum is proper because the actions that give rise to this complaint occurred within counties assigned to the Orlando Division of The United States District Court For The Middle District Of Florida.

## FACTUAL BACKGROUND

9. On or about May 1, 2006, Plaintiffs executed and delivered to the Payee Equifirst Corporation, ("Equifirst") a Promissory Note, ("Note") promising to repay $43,000.00, in reference to the property located at 1785 Orange Vista Boulevard, Kissimmee, FL 34736. *See* Exhibit "B." State Court Amended Complaint, pg. 5-8.

10. Some time before October 2015, Collins Asset Group, LLC, ("Collins") acquired ownership of the Note.

11. On or about June 12, 2017, Collins, via its retained counsel Behar, filed a state court lawsuit, seeking to collect payment on an allegedly unpaid and delinquent Note.

12. On or about July 28, 2017, Collins, via its retained counsel Behar, filed an amended state court lawsuit, seeking to collect payment on an allegedly unpaid and delinquent Note.

13. In its amended state court complaint, Collins, via its retained counsel Behar, asserted that Plaintiffs owed $40,872.74 in principle. *See* Exhibit "B." State Court Amended Complaint, pg. 1-4.

14. In its amended state court complaint, Collins, via its retained counsel Behar, alleged that Plaintiffs benefited from Unjust Enrichment due to the services that Collins allegedly provided to Plaintiffs. Furthermore, Collins, via its retained

counsel Behar, demanded attorneys fees be included in the Judgment against Plaintiffs. *See* Exhibit "B." State Court Amended Complaint, pg. 3 - 4.

### COUNT I: VIOLATION OF 15 U.S.C. §1692(e)

15. Plaintiffs re-avers ¶1 - ¶14 above.
16. As alleged above, in the Parties subsection, Defendant is a debt collector as defined by the FDCPA.
17. The Note that Behar seeks to collect payment for in the Amended State Court Complaint is a consumer debt as defined by the FDCPA because it is an obligation to pay a debt that arose from a personal and/or household transaction.
18. Plaintiffs were the object of Behar's collection activities because the definition of collection activity under the FDCPA includes state civil actions that seek payments on consumer debts, and because Behar has filed and prosecuted the Amended State Court Complaint, which seeks payment on a consumer debt.
19. Defendant violated 15 U.S.C. §1692(e)(2)(b) because the Amended State Court Complaint that Behar served on Plaintiffs falsely, and/or deceptively and misleadingly represented the Plaintiffs had received services of any kind from Collins. *See* Exhibit "B." State Court Amended Complaint, pg. 3 - 4.
20. These representations were false and/or deceptive and misleading because all of the actual services were provided by the original Note owner, Equifirst.
21. As a result of the forgoing violations of the FDCPA, Defendant is liable to the Plaintiffs for actual damages, statutory damages, and costs and attorney fees.

**WHEREFORE**, Plaintiffs respectfully requests that this Court enter judgment against Defendant for the following:

A. Actual Damages;

B. Statutory damages pursuant to 15 U.S.C. 1692(k);

C. Costs and Reasonable Attorney fees pursuant to 15 U.S.C. 1692(k);

D. For such other and further relief as the Court may deem just and proper.

### COUNT II: VIOLATION OF 15 U.S.C. §1692(e)

22. Plaintiffs re-avers ¶1 - ¶14 above.

23. As alleged above, in the Parties subsection, Defendant is a debt collector as defined by the FDCPA.

24. The Note that Behar seeks to collect payment for in the Amended State Court Complaint is a consumer debt as defined by the FDCPA because it is an obligation to pay a debt that arose from a personal and/or household transaction.

25. Plaintiffs were the object of Behar's collection activities because the definition of collection activity under the FDCPA includes state civil actions that seek payments on consumer debts, and because Behar has filed and prosecuted the Amended State Court Complaint, which seeks payment on a consumer debt.

26. Defendant violated 15 U.S.C. §1692(e)(2)(b) because the Amended State Court Complaint that Behar served on Plaintiffs falsely, and/or deceptively and misleadingly represented that Plaintiffs would be liable to owe Attorneys Fees under Count II of the Amended State Court Complaint for Unjust Enrichment. *See* Exhibit "B." State Court Amended Complaint, pg. 3 - 4.

27. These representations were false and/or deceptive and misleading because under Florida Law a Plaintiff cannot be entitled to attorney's fees for an Unjust Enrichment cause of action.

28. As a result of the forgoing violations of the FDCPA, Defendant is liable to the Plaintiffs for actual damages, statutory damages, and costs and attorney fees.

**WHEREFORE**, Plaintiffs respectfully requests that this Court enter judgment against Defendant for the following:

A. Actual Damages;

B. Statutory damages pursuant to 15 U.S.C. 1692(k);

C. Costs and Reasonable Attorney fees pursuant to 15 U.S.C. 1692(k);

D. For such other and further relief as the Court may deem just and proper.

### Demand for Jury Trial

Please take notice that Plaintiffs demands trial by jury in this action.

Dated: July 20, 2018.

Respectfully Submitted,

By: /s/ Benjamin Weissman
David M. Chico, Esq., FBN: 010318
Benjamin Weissman, Esq., FBN: 120770
Bryana Connors, Esq. FBN: 127322
DAVID CHICO LAW GROUP
607 Celebration Avenue
Celebration, Florida 34747
T: 407-933-7703
F: 407-933-7713
For eService only: serve@davidchicolaw.com
For all other inquiries: john@davidchicolaw.com
Trial Counsel for Plaintiffs